UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

    Defendants.

_____/

Case No. 18-cv-10175

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

## **OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [# 117] AND (2) DENYING PLAINTIFF'S REQUEST TO PURSUE A FACIAL CHALLENGE [# 118]**

### I. INTRODUCTION

Presently before the Court is Defendant MDOC's Motion for Reconsideration of the Court's Ruling Disallowing Dispositive Motions at This Time, filed on May 21, 2020. ECF No. 117. Additionally, Plaintiff and MDOC each filed supplemental briefs concerning whether Plaintiff has made a facial challenge to the constitutionality of MDOC's design of the State-Wide Standardized Menu ("SWSM"). ECF Nos. 118, 119. A telephonic Status / Settlement Conference was held on June 11, 2020. *See* ECF No. 115. The Court resumed this Status / Settlement Conference by video teleconferencing on June 17, 2020. For the reasons set forth below, the Court will **DENY** Defendant's Motion for Reconsideration [#117].

-1-

Additionally, the Court finds that Plaintiff has failed to properly state a facial challenge to the design of the SWSM.

## II. PROCEDURAL BACKGROUND

On January 16, 2018, Plaintiff filed his initial complaint on behalf of himself and similarly situated individuals against several Defendants, including Aramark, Trinity, MDOC, Corizon, Inc., and the various individuals who have managed these entities. *See* ECF No. 1. The Court dismissed Corizon Inc. as a Defendant on October 10, 2018. ECF No. 42.

Plaintiff filed a Second Amended Complaint on November 2, 2018. ECF No. 50. Aramark and Trinity filed Motions to Dismiss on November 16 and 20, 2018, respectively. ECF Nos. 52, 53. MDOC did not file a motion to dismiss; it instead filed an answer November 21, 2018. ECF No. 54. On May 29, 2019, the Court granted in part and denied in part Aramark's and Trinity's Motions. ECF No. 76. In its Order, the Court dismissed Counts I, IV, V, VI, and VII of Plaintiff's Second Amended Complaint as to Aramark and Trinity. *Id.* at PageID.2804. Additionally, the Court dismissed the express warranty claim in Count VIII. *Id.* Finally, the Court dismissed Plaintiff's claims that allege wrongful conduct as to Defendants Aramark and Trinity occurring prior to January 16, 2015. *Id.* The remaining claims in Plaintiff's action include a 42 U.S.C. § 1983 *Monell* claim alleging a violation of the Eighth Amendment against Defendants; a 42 U.S.C. § 1983 *Monell* claim alleging

inadequate training, supervision, or discipline in violation of the Eighth Amendment against Defendants; and a claim for breach of implied warranty against Aramark and Trinity.

On April 17, 2019, the Court, pursuant to a stipulation of the parties, bifurcated discovery between class certification and the merits of Plaintiff's claims. ECF No. 70. Plaintiff timely filed his Motion for Class Certification on August 14, 2019. ECF No. 80. After hearing argument on Plaintiff's Motion on March 23, 2020, the Court denied Plaintiff's Motion in an Opinion and Order. ECF No. 113.

On May 8, 2020, the Court conducted a telephonic Status Conference with the parties. *See* ECF No. 116. The Court issued an amended scheduling order on May 12, 2020. ECF No. 115. On June 11, 2020, the Court conducted a telephonic Status / Settlement Conference. The Court resumed this Conference on June 17, 2020.

### III. MDOC'S MOTION FOR RECONSIDERATION

In MDOC's instant Motion for Reconsideration, it requests that the Court reexamine its decision to not allow dispositive motions at this time and to permit such motions to be filed concurrent with ongoing discovery. ECF No. 117.

Prior to the Court's May 8, 2020 Status Conference, the parties submitted a Joint Status Report ("Report"). In its Report, MDOC raised its request to file a dispositive motion before 'merits' discovery commences. MDOC cited to two Supreme Court decisions to support the proposition that district courts should

terminate 42 U.S.C. § 1983 cases where defendants are entitled to qualified immunity as early in the litigation as possible. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982). MDOC asserts that its defendants are entitled to qualified immunity on all of Plaintiff's claims; that they have a *Monell* defense to Plaintiff's failure to train and supervise claims in Count III; that they are entitled to dismissal of all claims due to Plaintiff's alleged failure to properly exhaust; that there are issues of claim and issue preclusion; that the intra-corporate conspiracy doctrine bars Plaintiff's conspiracy claim; and that most of the individual MDOC defendants, including Patricia Caruso, Dan Heyns, Jeffrey Stieve, Dr. William Borgerding, and Lia Gulick, should be dismissed as they no longer work for MDOC.

The Court addressed MDOC's request to file a dispositive motion at the May 8, 2020 Status Conference. *See* ECF No. 116, PageID.4680–81. The Court denied MDOC's request, explaining that MDOC had an opportunity to file its dispositive motion earlier. *Id.* at PageID.4681. MDOC now asks the Court in its instant filing to reconsider its decision. ECF No. 117. For the reasons set forth below, the Court will deny Defendant's Motion.

The Court once again reiterates that MDOC chose not to file a dispositive motion after Plaintiff filed his Second Amended Complaint on November 2, 2018.

The other defendants in this action—Aramark[1] and Trinity—timely filed motions to dismiss on November 16 and 20, 2018, respectively.  ECF Nos. 52, 53.  Indeed, they did not wait for the Court to resolve the presented class certification issues in order to raise their respective arguments.  MDOC instead filed its Answer with Affirmative Defenses on November 21, 2018.  ECF No. 54.  The Court denotes that in its Answer, MDOC asserts several affirmative defenses, including its assertion that Plaintiff's claims may be barred by claim and issue preclusion; that its defendants are entitled to qualified immunity; and that Plaintiff failed to exhaust his administrative remedies.  *Id.* at PageID.2527–28.

The Court takes notice of MDOC's argument—and does not dispute—that issues of qualified immunity and lack of exhaustion should be reviewed early in a § 1983 case's life cycle.  Indeed, in *Anderson v. Creighton*, the Supreme Court explained that "permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties."  483 U.S. 635, 638 (1987).  However, the Court questions why MDOC waited eighteen months after Plaintiff filed his Second Amended Complaint to pursue its dispositive motion with knowledge that such actions entail such substantial costs.

---

[1] The Court denotes that Plaintiff settled his claims with Defendant Aramark shortly before the Status / Settlement Conference on June 17, 2020.

The Court opined in its Opinion and Order Denying Plaintiff's Motion for Class Certification that it "is concerned whether Plaintiff fully exhausted his grievances in the instant case." ECF No. 113, PageID.4579. The Court refrained from ruling on whether MDOC can carry its "considerable summary-judgment burden of showing non-exhaustion" and instead denoted MDOC's "non-trivial concerns about exhaustion before conducting its analysis of the amended class and subclass for certification." *Id.* at PageID.4580.

Further, the Court cited to three Eastern District of Michigan cases where the issue of exhaustion was raised by defendants. *Salem v. Mich. Dep't of Corr.*, No. 13-cv-14567; *Pasley v. Maderi*, No. 13-13251; *Maye v. Klee*, No. 14-10864. In each of these cases, defendants filed their dispositive motions before motions for class certification were filed and resolved by the district courts. Additionally, in *Johannes v. Washington*, No. 14-cv-11691, the district court took notice that defendant MDOC filed a Motion for Leave to File More Than One Summary Judgment Motion Pursuant to E.D. Mich. L.R. 7.1(b) before it resolved the plaintiff's motion for class certification. The district court emphasized that defendant "raised the issue" in its separate motion and deemed it preferable to resolve such concerns before certifying a class. The district court thus denied without prejudice plaintiff's motion for class certification. *Johannes v. Washington*, No. 14-cv-11691, ECF No. 105.

Here, MDOC has not filed a dispositive motion. MDOC had an opportunity to do so years ago and chose not to pursue this option. The Court finds that the interests of justice do not require MDOC to file a dispositive motion at this juncture. Further, the Court takes notice that other courts within this District presiding over § 1983 cases have resolved dispositive motions which were filed after merits discovery. *See, e.g.*, *Searcy v. Macomb County Jail, et al.*, No. 10-11243, ECF No. 58.

The Court denotes that had MDOC filed a dispositive motion earlier, the Court would have resolved that motion before addressing Plaintiff's Motion for Class Certification. As the Court explained in its Opinion and Order Denying Plaintiff's Motion for Class Certification:

> The emerging trend in the courts appears to be to decide dispositive motions prior to the certification motion …. Most courts agree, and Rule 23(c)(1)(A) reflects, that such precertification rulings on threshold dispositive motions are proper, and one study found a substantial rate of precertification rulings on motions to dismiss or for summary judgment." *Johannes v. Washington*, No. 14-cv-11691, 2015 WL 5634446, at *10 (E.D. Mich. Sept. 25, 2015) (internal quotation omitted). *Here, there are no pending dispositive motions for the Court to decide prior to the instant Motion.*

ECF No. 113, PageID.4575 n.2 (emphasis added).

Accordingly, the Court will deny Defendant's Motion for Reconsideration. The parties shall continue to comply with the Court's Amended Scheduling Order.[2] *See* ECF No. 115.

### IV. SUPPLEMENTAL BRIEFS ON FACIAL CHALLENGE

Plaintiff and MDOC each filed supplemental briefs after the May 8, 2020 Status Conference concerning whether Plaintiff has made a facial challenge to the constitutionality of the design of the SWSM. ECF Nos. 118, 119.

A facial challenge to a law's constitutionality is an effort to "invalidate the law in each of tis applications, to take the law off the books completely." *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 335 (6th Cir. 2009) (en banc). In contrast to an as-applied challenge, which argues that a law is unconstitutional as enforced against the plaintiff before the court, a facial challenge "is not an attempt to invalidate the law in a discrete setting but an effort to leave nothing standing[.]" *Id.* (citation and quotation marks omitted). Sustaining a facial attack is an "exceptional remedy." *Carey v. Wolnitzek,* 614 F.3d 189, 201 (6th Cir.2010).

Plaintiff argues that he does not simply challenge the SWSM as he has received it. ECF No. 118, PageID.4695. Instead, Plaintiff asserts that the SWSM— as designed—is unconstitutionally deficient. *Id.* Accordingly, "[b]ecause the

---

[2] At the Status / Settlement Conference on June 17, 2020, Plaintiff and MDOC indicated that they will file a Stipulation and Order to stay discovery for thirty days in order to focus on three planned depositions.

SWSM forms the basis of the diet given virtually to all prisoners in the MDOC, [Plaintiff's] challenge to the design of the diet asserts that the policy itself is unconstitutional as applied to all prisoners. By definition, this is a facial challenge." *Id.* Notably, this is the first instance where Plaintiff claims he is asserting a facial challenge to the SWSM.

MDOC contests Plaintiff's assertion. In its brief, MDOC explains that while Plaintiff makes "general and conclusory statements about the [SWSM]'s alleged deficiencies," he fails to cite to a specific law or policy that would be unconstitutional in all of its applications. ECF No. 119, PageID.4704. MDOC argues that Plaintiff's references to various pages of the food service contracts which MDOC had with both Aramark and Trinity are insufficient to demonstrate a facial challenge. *Id.* Further, MDOC asserts that the SWSM is not a state law, nor is it an official policy upon which a facial challenge can be made. *Id.* at PageID.4704–05. According to MDOC, it "does not have written policies, procedures, rules, regulations, or ordinances governing how its menus are designed." *Id.* at PageID.4705.

A facial challenge, by definition, "asserts that the law, or [] policy, is unconstitutional regardless of how it is applied." *Dearduff v. Washington*, 330 F.R.D. 452, 467 (E.D. Mich. 2019) (citations omitted). Notably, Plaintiff does not cite to a MDOC policy directive in its Second Amended Complaint. By contrast, in

*Cary v. Washington*, the magistrate judge concluded in its report and recommendation that plaintiff challenged MDOC Policy Directive 04.06.150 on its face. No. 17-13217, 2018 WL 5117812, at *8 (E.D. Mich. July 31, 2018). The court emphasized that plaintiff specifically alleged that the "contradictory language in *the policy* causes cruel and unusual punishment." *Id.* (emphasis added). Additionally, in *Johannes v. Washington*, the district court determined that plaintiff made a facial challenge for MDOC's "no-routine-care-within-two-years-of-intake policy." No. 14-cv-11691, 2015 WL 5634446 (E.D. Mich. Sept. 25, 2015).

Here, Plaintiff argues that MDOC's design of the SWSM serves as the basis to his facial challenge. ECF No. 118, PageID.4696. However, Plaintiff fails to cite to a specific MDOC policy directive. The Court agrees with MDOC that the attached contracts to Plaintiff's Second Amended Complaint are insufficient to demonstrate a proper pleading of a facial challenge to the constitutionality of a state law or MDOC directive. The contracts include a "Statewide Standard Menu" attachment; however, these standard menus are not listed as a specific MDOC policy. *See, e.g.*, ECF No. 50-1, PageID.2051. The Court therefore questions how Plaintiff can bring a facial challenge when no law or specific policy is alleged.

Further, even if the Court determined that Plaintiff properly pleaded a facial challenge to a specific MDOC law or policy, the Court is concerned with Plaintiff's standing to challenge the constitutionality of the SWSM. In order to have standing,

Plaintiff must have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (internal citations omitted).

Plaintiff argues that he meets the *Spokeo* criteria and thus has standing to mount a facial challenge to the SWSM. ECF No. 118, PageID.4697. MDOC purports that Plaintiff lacks standing because "at all times relevant to this case he has received a therapeutic diet." ECF No. 119, PageID.4707. "As stated in Policy Directive 04.07.101, medical diets are prescribed by the prisoner's physician, and designed by the facility dietitian." *Id.* At the June 11, 2020 Status Conference, the parties disputed whether Plaintiff received the SWSM or a special, therapeutic diet. This question remains outstanding.

Nevertheless, the Court emphasizes that no law or specific policy is alleged in Plaintiff's Second Amended Complaint. Accordingly, the Court finds that Plaintiff has failed to properly plead a facial challenge to the constitutionality of the design of SWSM.

## V. CONCLUSION

For the reasons articulated above, the Court will **DENY** Defendant's Motion for Reconsideration of the Court's Ruling Disallowing Dispositive Motions at This Time [#117]. Further, the Court finds that Plaintiff has failed to properly state a

-12-

facial challenge to the design of the SWSM.

**IT IS SO ORDERED.**

Dated: June 24, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 24, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager