UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEMUJIN KENSU,

Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

Defendants.

Case No. 18-cv-10175

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER GRANTING DEFENDANT TRINITY SERVICES GROUPS, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING [# 133]

### I. INTRODUCTION

Presently before the Court is Defendant Trinity Services Groups, Inc.'s ("Trinity") Motion for Leave to File Supplemental Pleading. ECF No. 133. Neither Plaintiff Temujin Kensu's ("Plaintiff") counsel nor counsel for the other remaining defendants oppose the relief requested in Trinity's present Motion. *Id.* at PageID.4758. Upon review of Trinity's filing, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Trinity's Motion on the relevant brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court will **GRANT** Trinity's Motion for Leave to File Supplemental Pleading [#133].

-1-

## II. PROCEDURAL BACKGROUND

On January 16, 2018, Plaintiff filed a Complaint on behalf of himself and similarly situated individuals against several defendants, including Trinity. *See* ECF No. 1. Plaintiff filed a Second Amended Complaint on November 2, 2018. ECF No. 50. On November 20, 2018, Trinity filed a Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 53.

On May 29, 2019, the Court granted in part and denied in part Trinity's Motion. ECF No. 76. In its Order, the Court dismissed Counts I, IV, V, VI, and VII of Plaintiff's Second Amended Complaint as to Trinity. *Id.* at PageID.2804. Additionally, the Court dismissed the express warranty claim in Count VIII. *Id.* Finally, the Court dismissed Plaintiff's claims that allege wrongful conduct as to Trinity occurring prior to January 16, 2015. *Id.* The remaining claims in Plaintiff's action include a 42 U.S.C. § 1983 *Monell* claim alleging a violation of the Eighth Amendment against the named defendants; a 42 U.S.C. § 1983 *Monell* claim alleging inadequate training, supervision, or discipline in violation of the Eighth Amendment against the named defendants; and a claim for breach of implied warranty against Trinity.[1]

---

[1] The Court denotes that this summary purposefully excludes the procedural background for the other defendants and extensive motion practice in this matter.

### III. LAW & ANALYSIS

#### A. Legal Standard

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. "Upon motion of a party the court may ... permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed .R. Civ. P. 15(d). Pursuant to Rule 15, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This determination is "within the sound discretion of the trial court." *Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 153 (E.D. Mich. 1998) (citations omitted). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

#### B. Analysis

In its present Motion, Trinity asserts that it neglected to file an Answer to Plaintiff's Second Amended Complaint. ECF No. 133, PageID.4758. As indicated *supra*, Trinity filed a Motion to Dismiss Plaintiff's Second Amended Complaint on November 20, 2018. ECF No. 53. Trinity should have filed its Answer after this Court's May 29, 2019 Opinion and Order, which granted and denied in part Trinity's Motion to Dismiss.

The Sixth Circuit has identified various factors that this Court must consider when determining whether to grant a party leave to amend:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citation omitted).  Upon review of Trinity's Motion, the Court agrees that the filing is appropriate and not motivated by undue delay or bad faith.  Indeed, Trinity's failure to file its Answer in 2019 appears to be an oversight.  ECF No. 133, PageID.4758.  Importantly, no other party in this matter objects to Trinity's filing.  The Court concludes that no prejudice will result in allowing Trinity to file its Answer and Defenses to Plaintiff's Second Amended Complaint, which Trinity attached as Exhibit A to its present Motion.  *See* ECF No. 133-1.

In accordance with the liberal amendment policy of Rule 15, the Court finds that Trinity's delay in seeking leave, while indisputably delayed, does not cause any prejudice at this stage of the litigation.  Accordingly, the Court will grant Trinity its requested relief in the present Motion.

## IV. CONCLUSION

For the reasons articulated above, the Court will **GRANT** Defendant Trinity

-4-

Services Groups, Inc.'s Motion for Leave to File Supplemental Pleading [#133].

**IT IS SO ORDERED.**

Dated:          March 9, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
March 9, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager
