# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TEMUJI KENSU,

     Plaintiff,

                    No. 2:18-cv-10175

v

                    HON. GERSHWIN A. DRAIN

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al           MAG. DAVID R. GRAND

     Defendants.

---

Keith L. Altman (P81702)
Attorney for Plaintiff
The Law Office of Keith Altman
33228 W 12 Mile Road, Suite 375
Farmington Hills, MI 48331
516-456-5885
kaltman@lawampmmt.com

Bradford S. Moyer (P51451)
Attorneys for Defendant Trinity Services
Group, Inc.
Plunkett Cooney
950 Trade Centre Way, Suite 310
Kalamazoo, MI 49002
(269) 226-8844
bmoyer@plunkettcooney.com

James T. Farrell (P35400)
Assistant Attorney General
Attorney for MDOC Defendants
MDOC Division
P. O. Box 30217
Lansing, MI 48909
(517) 335-3055
farrellj@michigan.gov

Alexander B. Chosid, #64780
TKC Holdings, Inc.
1260 Andes Blvd.
St. Louis, MO 63132
(314) 214-2806
alex.chosid@tkcholdings.com

---

## MDOC DEFENDANTS' REPLY TO PLAINTIFF'S
## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

After three and a half years of litigation, Kensu fails to offer

evidence that creates a genuine issue of material fact concerning the

validity of his claim that the prison food he is served is nutritionally inadequate to sustain normal health.  Nor does Kensu offer evidence that any of the MDOC defendants had personal involvement in the alleged violation of his rights.  Finally, Kensu fails to address the crucial threshold issues of exhaustion of his administrative remedies before filing suit, or whether he suffered a physical injury as a result of the alleged violation of his rights.  Given Kensu's failure to respond with admissible evidence on these issues, the MDOC defendants' motion for summary judgment should be granted and the case dismissed.

## Preliminary Matters

Addressing the preliminary issues first, it was shown in the motion for summary judgment that none of the grievances Kensu exhausted during the relevant timeperiod, i.e., three years before the filing of the complaint up to the filing of the complaint (to-wit: January 16, 2015 to January 16, 2018), involve a grievance against any of the eight individual defendants relating to the nutritional insufficiency of Kensu's food.

Kensu now makes numerous arguments about his inability to show he exhausted his administrative remedies.   At one point he

argues the MDOC did not provide him with copies of his grievances. ECF 143, PgID 6035. But the MDOC defendants did, in fact, provide Kensu's counsel with Kensu's Step III Grievance Report covering January 1, 2013 to August 18, 2020. This document, which is approximately 50 pages, lists all grievances Kensu exhausted during that timeperiod. This was provided to Kensu's counsel during discovery without the necessity of a formal request for production of documents. It is also attached to defendants' motion for summary judgment. ECF 135-9, PgID 4892-4942. Despite having a list of all of his exhausted grievances during the relevant time frame, and having the opportunity and right to request production of specific grievances, Kensu did request copies of specific grievances. Moreover, Kensu receives copies of his grievances and copies of the responses to his grievances when the grievances are filed and responded to. Kensu cannot now claim he was not given an opportunity to review his grievance record.

Kensu then argues that he did exhaust, citing the decade old grievances listed in his complaint. But, as noted in the motion for summary judgment, the grievances cited in Kensu's complaint are stale. In order for matters addressed in a grievance not to be time barred by

the three-year statute of limitations, the grievances necessarily have to have been filed and exhausted during the three years immediately preceding the filing of the complaint.  All of the grievances cited by Kensu in his complaint were filed prior to three years preceding the filing of the complaint. (Note that Kensu's complaint was filed on January 16, 2018).

Finally, Kensu claims he exhausted his administrative remedies regarding the issues raised in the complaint against the named defendants by raising the issues at the Warden's Forum.  However, the MDOC's grievance policy makes no mention of using the Warden's Forum as an alternative method to exhaust administrative remedies. See MDOC Policy Directive 03.02.130, Prisoner/Parolee Grievance (eff. July 9, 2007-March 18, 2019), ECF 135-8, PgID 4884-4891.  Plus, Kensu does not offer evidence indicating that he actually raised these issues against these defendants during a Warden's Forum.

The upshot is this.  Kensu did not exhaust even one grievance against any of the eight individual MDOC defendants between January 16, 2015 and January 16, 2018 where he claimed the food he is served

4

was nutritionally insufficient.  Accordingly, Kensu's claims against the MDOC defendants should be dismissed.

With respect to the physical injury issue, Kensu's right to compensatory damages fails because he has not shown he suffered a physical injury as required by 42 U.S.C. § 1997e(e). Kensu has failed to produce or point to any record evidence showing that he suffered physical injury from the nutritional insufficiency of the food he has been served in prison.  Kensu has not attached or referenced any medical records indicating he suffers from nutritional inadequacy, nor has he retained a medical expert who has opined as such.  And, the Court will recall that Kensu's counsel repeatedly stated during the several status conferences held in this case that Kensu is not claiming he suffered a physical injury from the food, only that he did not receive the meals that were on his menu, which he claimed is sufficient to proceed with his claim.  However, the exception to the PLRA's physical injury requirement applies only to First Amendment retaliation claims, not Eighth Amendment deliberate indifference claims.  See, e.g., *King v. Zamiara*, 788 F3d 207, 213 (6th Cir. 2015) (holding that § 1997e(e) does not foreclose claims that allege violations of First Amendment-protected

rights as injuries); *Jarriett v. Wilson,* 414 F.3d 634, 640 (6th Cir. 2005) (holding that § 1997e(e)'s physical injury requirement "applies to Eighth Amendment claims"). Kensu has failed to make the requisite showing.

## Qualified Immunity

Before addressing the substance of his constitutional claim, it should be noted that Kensu has not shown that any of the eight individual MDOC defendants were personally involved in violating his rights. Kensu has a special therapeutic *diet* that was ordered by his medical providers, none of whom were employed by the MDOC and none of whom are named as defendants. The only MDOC defendant involved in designing his *menu* was Patricia Willard, who is discussed below. The remaining seven individual MDOC defendants have filed affidavits stating they had no involvement in Kensu's medically ordered diet, the design of his menu, or the preparation of his meals. Kensu has not offered admissible evidence showing that any of these seven MDOC defendants were personally involved in the alleged constitutional violations set forth in the complaint.

With respect to the substance of his case, Kensu fails to create a triable factual issue as to whether he suffered a violation of his Eighth Amendment right to receive food adequate to sustain normal health. He offers no evidence to rebut the factual assertions of Patricia Willard, the MDOC's Lead Dietitian from 2013 to 2020 (now retired) who is also a Registered Dietitian.  Ms. Willard explains in her Affidavit, ECF 135-2, PgID 4851-4873, how and why she created Kensu's menu in August 2018.  Willard points out that based on the menu she wrote for Kensu to meet his doctor-ordered dietary restrictions, his meals average 2600 calories/day and meet 100% of the Recommended Daily Allowance for Vitamins A, C, D, E, and B12, calcium, iron, sodium, potassium, protein, carbohydrate, total fat, saturated fat, cholesterol, and dietary fiber.  The caloric and nutritional analysis for Kensu's meals is an attachment to Willard's Affidavit.  Kensu also receives an evening snack bag, nutritionally fortified beverages, and 14 prescribed nutritional supplements. These facts prove Kensu was provided a nutritionally sufficient food.  Even assuming, *arguendo*, that this issue is not resolved with this proof, it is also the case that no court has defined precisely what a nutritionally adequate diet for a male prisoner

7

constitutes, and, thus, Kensu can not show a violation of a clearly established right.

Kensu claims the defendants "concede" that he has an expert who testified the diet provided to Kensu is completely lacking in Vitamins A and E.  ECF 143, PgID 6048.  This is not true.  Kensu's attorney retained a nutritionist for the class-wide claim that the statewide standard menu was slightly below the RDAs for Vitamins A and E. Kensu has not offered that expert's report or deposition testimony to support his personal claim, which is logical since that nutritionist's testimony concerning the statewide standard menu would not be relevant to the issue before the Court because Kensu did not receive the statewide standard menu. Kensu receives a special therapeutic menu created solely to meet Kensu's complicated dietary restrictions. Kensu's nutritionist apparently did not analyze the nutritional sufficiency of Kensu's therapeutic diet or menu.

Kensu also claims that the Sixth Circuit shifted the burden of proof in prison diet cases to the defendant, citing *Cunningham v. Jones*, 567 F2d 653 (6th Cir. 1977).  That case involved the deliberate withholding of food from prisoners held in segregation, which is not the

claim asserted here.  Kensu's claim is nutritional adequacy of the food. Hence, *Cunningham* is not controlling.

Moreover, *Cunningham* did not shift the burden of proof, but required the prison officials to produce the calorie counts for prison meals since that information was within the exclusive control of the prison, and basically ordered the prison to provide that information to the plaintiff, and then remanded the case for further factual findings on the adequacy of one meal per day for prisoners.  *Id.*, at 660.

In the present case, Kensu has competent counsel who has requested and received calorie counts and nutritional analyses for Kensu's meals.  Hence, there is no discovery issue here.  But even if it were defendants' burden of proof that the food served to Kensu was nutritionally adequate, that burden has been met by Willard's Affidavit.

Kensu has offered no proof to rebut Willard's Affidavit. Thus, Kensu has not created a triable issue of fact whether the food provided to him in prison violates was nutritionally inadequate. Additionally, as noted above, it has not been clearly established what constitutes nutritionally adequate food for a prisoner.

9

There being no issue of material fact as to whether Kensu has suffered a constitutional deprivation, the MDOC defendants are entitled to qualified immunity.

## Conclusion

Kensu states in his response that he exhausted his administrative remedies, that he suffered physical injury, and that the defendants were all personally involved, and that the food he was served was nutritionally inadequate to sustain normal health, but Kensu does not cite to particular parts of materials in the record such as depositions, documents, electronically stored information, affidavits or depositions, stipulations, admissions, interrogatory answers, or other materials in support of his claims. Kensu's failure to properly support his assertions of fact, and his failure to properly address the MDOC defendant's assertions of fact, permit the Court to consider the facts undisputed for purposes of the MDOC defendants' motion and granting summary judgment.  See Fed. R. Civ. Proc. 56(e).

Accordingly, the MDOC defendants respectfully request this Court grant their motion for summary judgment and dismiss this case.

Respectfully Submitted,

10

Dana Nessel
Attorney General

Date: May 17, 2021

*/s/ James T. Farrell*
James T. Farrell (P35400)
Assistant Attorney General
Attorney for MDOC Defendants
POB 30217
Lansing, MI 48909
(517) 335-3055
farrellj@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **May 17, 2021**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing as well as via US Mail to all non-ECF participants.

*/s/ James T. Farrell*
James T. Farrell (P35400)
Assistant Attorney General
Attorney for MDOC Defendants

11